## M. J. WILKINS *v.* A. J. BOBO.

A surety on a twelve month's bond cannot plead discussion.

Under the Act of March 16th, 1854, a person bound as security upon a twelve month's bond, when he has paid the same, is subrogated to all the rights which the original creditor had at the time the bond was given, or at the time the bond was paid by the security—when the property has been adjudicated to the defendant in the judgment, and he is the principal upon the bond.

APPEAL from the District Court of Morehouse, *Richardson*, J. *Todd & Brigham*, for plaintiff and appellant. *Matthews & McFee*, for defendant.

SPOFFORD, J. W. W. Todd, C. L. Norman, Benjamin Temple, J. Ã. Hollingsworth and Thomas Nosworthy, having obtained judgments against one J. J. Daniels, in the District Court for the parish of Morehouse, issued executions thereupon. Under these executions, Daniels gave his twelve month's bonds with the present plaintiff, *M. J. Wilkins*, as his surety. These bonds were given in the month of May, 1855. Being unpaid at their maturity, the plaintiffs had executions issued upon them ; *Wilkins*, the surety, pointed out a certain slave, *Edy*, worth over eight hundred dollars, belonging to *Daniels*, upon which the Sheriff, *Bobo* (defendant herein) undertook, through his deputies, to levy. They proceeded to the plantation, where the said slave *Edy* was at work ; identified her ; followed her from the field, to the house where *Daniels* then was ; served upon him a notice of seizure, and even proceeding into the house to take the slave into actual custody, when *Daniels* interposed and menaced them with violence, if they attempted to enter. Thereupon they desisted, and made no further attempt to effect an actual seizure. Immediately thereafter, *Daniels* ran the slave, *Edy*, out of the State and sold her ; and no property of his could be found out of which to collect the twelve month's bonds before referred to.

· *Wilkins*, the surety upon those bonds, having afterwards paid them, brought the present action against the Sheriff, *Bobo*, for wrongfully releasing an alleged seizure of the slave *Edy*, and for negligence in failing to execute the writs of *fi. fa.*, which he had undertaken to execute, thereby obliging the plaintiff to lose the sum of eight hundred and sixty dollars which he was compelled to pay as surety for *Daniels*.

There was a judgment for the defendant, from which the plaintiff has appealed.

It is true, the plaintiff, who was surety in the twelve month's bonds, and as such bound *in solido* with his principal towards the creditors, could not have pleaded discussion. C. C. 3035. And, as the law formerly stood, even upon payment of the bonds, he would only have been subrogated to the rights of the creditors in the bonds themselves, and to no other rights of theirs under their original judgment. *Trent* v. *Calderwood*, 2 An. 942 ; *Tardy* v. *Allen*, 3 An. 66 ; *Cole* v. *Chambliss*, Ib. 206 ; *Crow* v. *Walsh*, Ib. 541.

But the Act of March 16th, 1854 (Session Acts, p. 115), made an important change in this respect, in all cases where the judgment debtor himself was the principal in the twelve month's bond taken under the judgment. As reënacted in 1855, and embodied in the Revised Statutes, p. 543, sec. 4, this statute declares that " whenever a person bound as security upon a twelve month's bond, has paid the same, he shall be subrogated to *all the rights* which the original creditor had at the time such bond was given, *or at the time the bond is paid by such security* ; provided, however, that this section shall only apply where the property has been adjudicated to the defendant in the judgment and he is the principal upon such twelve month's bond."

Now, at the time the plaintiff, *Wilkins*, went forward to pay the amount of these bonds, the judgment creditors who owned them had a right of action against the Sheriff for the neglect of his deputies in suffering property to escape, which was liable to seizure under the writs which those deputies were charged to execute. They knew the property to be liable to seizure and might have seized it. The menaces of the judgment debtor were no excuse to them. " In executing the orders and judgments with which they are charged, Sheriffs may enter on the lands and into the house of a debtor, break the doors, &c., and, if resistence be offered, they may require assistance from the neighbors or persons passing by." C. P., Art. 762.

" Every Sheriff shall have the power to call for the aid and command the services of every able bodied inhabitant of his parish, to preserve the peace in cases of riot ; to execute the process of court in cases where resistance is made or threatened ; and every person so called, who shall refuse to render such assistance, may be punished by fine, at the discretion of the court, not exceeding twenty-five dollars." Revised Statutes, p. 524, sec. 8.

By neglecting to do their duty, the deputies, for whom the Sheriff is responsible, enabled the debtor, against whom they had an execution, to withdraw from the State his only property which they were bound to seize. A right of action thereupon accrued in favor of the judgment creditors for this damage thus occasioned to them, and they were not obliged to wait the possibility of other property being found, or of other persons being made liable for the same debt, before resorting to their remedy against the Sheriff for the amount of their judgments up to the value of the property which his deputies had wrongfully suffered to be withdrawn from their grasp.

To this right of action, then, under the broad terms of the Act of 1854, the

surety on the twelve month's bonds, upon payment thereof, was legally subrogated.

And it is this right of action which he is here seeking to exercise. There is a manifest equity, in this instance, in giving him the benefit of the statute; for it was only by the neglect of the Sheriff's officers in performing their duty towards the judgment creditors, that this surety has been obliged to pay what his principal might and should have paid.

The Sheriff, upon paying the sums which the surety upon the twelve month's bonds has been compelled to pay, will be entitled to a subrogation to his rights against *Daniels*.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment for the plaintiff against the defendant for the sum of six hundred and eighty-two dollars and seventy-seven cents, with eight per cent. interest thereon, from the 1st of May, 1855, until paid; and the further sum of forty-five dollars and thirty-three cents, and the costs of this suit in both courts. And it is further ordered and decreed, that upon payment of this judgment, the plaintiff subrogate the defendant to all his rights as subrogee of *William W. Todd, C. L. Norman, Benjamin Temple, J. A. Hollingsworth* and *Thomas Nosworthy*, judgment creditors of *J. J. Daniels*, against said *Daniels*, their judgment debtor.